**SCOTT E. TANNE, ESQ., P.C.**
**4 Chatham Road**
**Summit, NJ 07901**
**(973) 701-1776**
**Fax: (973) 701-0111**
**Scott E. Tanne, Esq.**
**ST2477**
**Attorney for the Debtor(s)**

| | |
|---|---|
| In the Matter of:<br><br>**Wilfred Mills**<br>Debtor(s) | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Chapter 13<br>Case No. 21-12677-SLM |

## SUPPLEMENTAL CERTIFICATION IN SUPPORT OF MOTION TO AVOID JUDGMENT LIEN OF CITIBANK NA PURSUANT TO 11 U.S.C. 522(f) AND DIRECTING CHAPTER 13 TRUSTEE TO PAY ANY TIMELY FILED CLAIMS AS GENERAL UNSECURED IN ACCORDANCE WITH THE PLAN

Scott E. Tanne does hereby certify:

1. I am the Attorney for the Debtor in the above-entitled matter and am fully familiar with the facts of this case.

2. I make this supplemental certification to provide additional support for debtor's motion to avoid judgment lien of Citibank NA, which encumbers the real property owned by Debtor located at 84 Hillside Terrace, Irvington, NJ 07111, and is used by the Debtor as his residence.

3. 11 U.S.C. §522(f)(2)(A) provides the framework to evaluate whether a lien impairs an exemption such that it may be avoided:

    > For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
    > (i) the lien;
    > (ii) all other liens on the property; and
    > (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.
    > 11 U.S.C. §522(f)(2)(A)

4. Applying this formula to the facts of the debtor's case:

- The lien: $5,096.00
- All other liens on the property: $219,019.00
- The amount of the exemption the debtor could claim if there were no liens on the property: $21,017.00 (noting that the full amount of the homestead exemption pursuant to 11 U.S.C. §522(d)(1) is $25,150.00, but that $4,133.00 of that amount had been claimed pursuant to 11 U.S.C. §522(d)(5).)

This results in a sum of $245,123.00.  This sum is then compared to the value that the debtor's interest in the property would have in the absence of any liens, which is $240,000.00 pursuant to the appraisal attached previously as Exhibit C.

5. Since the sum of the formula exceeds the value of the debtor's interest if there were no liens, the lien impairs the debtor's exemption and may be avoided.

**WHEREFORE**, Debtor prays for an order avoiding the judgment lien held by the above-named lien holder.

I hereby certify that the foregoing statements made by me are true; I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 6, 2021                                      /s/ Scott Tanne
                                                                           Scott E. Tanne
                                                                           Attorney for the Debtors